UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MONICA L COOK,

        Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

Case No. C23-1178 RSM

**SCHEDULING ORDER**

The Court **ORDERS** the following briefing schedule:

| | |
|---|---|
| Plaintiff's Opening Brief, **limited to 18 pages or 6300 words whichever is less**, is due: | **November 9, 2023** |
| Defendant's Response Brief, **limited to 18 pages or 6300 words whichever is less**, is due: | **December 9, 2023, or within 30 days of the date the opening is filed, whichever is earlier.** |
| Plaintiff's Optional Reply Brief, **limited to 9 pages or 3150 words whichever is less**, is due: | **December 23, 2023, or within 14 days of the date the response is filed, whichever is earlier.** |

These dates and page limitations are firm and can be changed only by order of the Court, not by agreement of counsel or the parties. Stipulations and motions to extend time or page limitations must be noted on the Court's calendar prior to the due date pursuant to the briefing

SCHEDULING ORDER - 1

schedules established in LCR 10(g) and LCR 7, respectively.  The Court will consider the case on written submissions unless otherwise ordered.

## BRIEFING REQUIREMENTS

Because Plaintiff is proceeding *pro se*, the Court will outline the issues Plaintiff raised in her complaint and her letter.  Dkts. 7, 11.  The purpose of this is to clarify the issues raised for both parties so that they may properly address them in their briefs and the Court may ultimately properly address them in its order.  The Court understands the issues raised by Plaintiff's complaint as follows:

Plaintiff alleges the ALJ erred in denying her Title II and Title XVI benefits, and that the ALJ's findings about her substance abuse were erroneous because she has "been sober more then [sic] not."  *See* Dkts. 7 at 2; 11 at 1.  The Court understands this argument to allege that the ALJ erred in considering substance abuse in rejecting her symptom testimony and medical evidence.

These are the claims the Court will consider in its decision.  Plaintiff may file an opening brief discussing these claims.  If Plaintiff has any other claims, she must list these claims on the first page of her brief.  She must also explain in her brief how the ALJ erred.  If Plaintiff does not file an opening brief, the Court will consider only the claims identified above.

Defendant must file a response, whether or not Plaintiff files an opening brief. Defendant's response must address the claims Plaintiff raised in her complaint and any other issues she may raise in her opening brief.  Defendant's response must include citations to the pages of the Administrative Record, relevant legal authority in support, and a statement of the relief requested.

**Personal Data and Formatting**

All briefs must conform to the redaction rules regarding personal data set forth in LCR

SCHEDULING ORDER - 2

5.2 and to the formatting requirements set forth in LCR 10.

In addition, all briefs must use the Bates number stamped on the lower right-hand corner of each page when citing to specific pages of the administrative record.

**The Court may strike or return for correction briefs not conforming to this Order.**

The Clerk is directed to send a copy of this Order to Plaintiff.

DATED this 10th day of October, 2023.

Ricardo S. Martinez
United States District Judge

SCHEDULING ORDER - 3