UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MONICA C.,

            Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

            Defendant.

Case No. C23-1178 RSM

**ORDER AFFIRMING AND DISMISSING THE CASE**

Plaintiff, proceeding *pro se*, seeks review of the denial of her applications for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI). Plaintiff contends the Administrative Law Judge (ALJ) erred by finding her substance use a contributing factor in finding her not disabled. Dkt. 15. As discussed below, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

## BACKGROUND

In February 2016, Plaintiff protectively filed for DIB and SSI benefits, alleging disability as of December 31, 2007. Admin. Record (AR) 95–96, 106–07, 121–22, 136–37. Plaintiff's applications were denied initially and on reconsideration. AR 104, 118, 133, 148. After conducting a hearing in March 2022, the ALJ issued a decision finding Plaintiff not disabled. AR 12–40.

ORDER AFFIRMING AND DISMISSING
THE CASE - 1

**STANDARD OF REVIEW**

The Court may reverse the ALJ's decision only if it is legally erroneous or not supported by substantial evidence of record. *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020). The Court must examine the record but cannot reweigh the evidence or substitute its judgment for the ALJ's. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When evidence is susceptible to more than one interpretation, the Court must uphold the ALJ's interpretation if rational. *Ford*, 950 F.3d at 1154. Also, the Court "may not reverse an ALJ's decision on account of an error that is harmless." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

**DISCUSSION**

When there is significant evidence of alcohol and drug use in the record, as there is in this case, the ALJ must conduct a specific drug addiction and alcoholism (DAA) analysis to determine whether a claimant's disabling limitations remain absent the use of drugs or alcohol. 20 C.F.R. §§ 404.1535, 416.935. If DAA is a contributing factor material to the determination of disability, a claimant cannot be considered disabled for purposes of awarding benefits. *See* 42 U.S.C. § 1382c(a)(3)(J); 20 C.F.R. §§ 404.1535, 416.935. Thus, when DAA is present, the ALJ must determine whether DAA is a contributing factor material to the determination of disability. *See* 20 C.F.R. §§ 404.1535, 416.935; *Bustamante v. Massanari*, 262 F.3d 949, 955 (9th Cir. 2001). In order to do so, the ALJ must first complete the five-step sequential evaluation process without separating out the effects of DAA. *See Bustamante*, 262 F.3d at 956. If the ALJ finds the claimant is not disabled under the five-step inquiry, then the claimant is not entitled to benefits and there is no need to proceed with the analysis regarding DAA. *Id.* However, if the ALJ finds the claimant disabled without separating out the impacts of DAA, the ALJ must then perform the sequential evaluation process a second time, separating out the impact of the DAA,

to determine whether the claimant would remain disabled if the claimant stopped using drugs or alcohol. *Bustamante*, 262 F.3d at 956. If the remaining limitations without DAA would still be disabling, then the claimant's drug addiction or alcoholism is not a contributing factor material to his disability. If the remaining limitations would not be disabling without DAA, then the claimant's substance abuse is material and benefits must be denied. *Parra v. Astrue*, 481 F.3d 742, 747–48 (9th Cir. 2007). "[T]he claimant bears the burden of proving that drug or alcohol addiction is not a contributing factor material to his [or her] disability." *Id.* at 748. Insufficient evidence as to the issue of materiality cannot satisfy a claimant's burden. *Id.* at 749–50.

      Here, the ALJ found that based on all of Plaintiff's impairments, including her substance use disorder, there were no jobs that existed in significant numbers in the national economy Plaintiff could have performed. AR 15–21. Taking note of Plaintiff's substance use, the ALJ then found Plaintiff's substance use disorder "a contributing factor material to the determination of disability" because if she stopped her substance use, Plaintiff would be able to able to perform her past work and other jobs that exist in significant numbers in the national economy. AR 22–31. Plaintiff contends this was error, but Plaintiff fails to show the ALJ's decision was not supported by substantial evidence. Dkt. 15 at 1–2. Plaintiff states in a conclusory fashion there is no proof of her substance use, that she has been sober and clean, and that her inability to perform day to day activities is due to her mental health impairments. *Id*. However, Plaintiff does not cite to any evidence in support of her argument. In contrast, the ALJ found Plaintiff's record replete of objective medical evidence and treatment reports, by others and Plaintiff herself, showing Plaintiff engaged in substance use. The record shows Plaintiff was diagnosed with substance use disorder. AR 654, 697. In a urine analysis, Plaintiff tested positive for methamphetamine. AR 631. The record also contains several observations of Plaintiff possibly

ORDER AFFIRMING AND DISMISSING
THE CASE - 3

being under the influence.  AR 638, 755.  In a psychological evaluation, Plaintiff was found to be an unreliable historian because she denied using drugs in the beginning of the evaluation but then later admitted to using "a little" methamphetamine as the evaluation continued.  *See* AR 687.  Plaintiff herself reported using drugs and expressed uncertainty about attending treatment on multiple occasions.  AR 681, 700, 752, 809.

      Plaintiff also fails to show her substance use was not a contributing factor material to her disability.  The ALJ pointed to medical sources whose findings indicate Plaintiff would be able to work if not for her substance use.  For example, the ALJ cited to the opinion of Dr. Gollogly, who determined that Plaintiff is capable of completing a normal workday and workweek without interruptions "providing she refrains from polysubstance abuse," and that Plaintiff is capable of completing predictable work routines in the workplace.  AR 131–33.  The ALJ also cited Dr. Scholtz, who completed a psychological evaluation and assessed Plaintiff as more capable than she reported.  AR 691.  For example, Dr. Scholtz stated the results of her examination were "likely at least a slight underestimation of [Plaintiff's] true abilities."  *Id*.  Dr. Scholtz also had a "strong suspicion of substance intoxication/withdrawal" with regard to Plaintiff, but nonetheless found her capable of obtaining and maintaining employment and likely able to sustain and persist for a normal work week.  *Id*.  Dr. Scholtz also recommended Plaintiff participate in substance abuse treatment program "to aid with career choices, job searching and job retention," further indicating that Plaintiff's substance use was a significant factor in assessing her work capabilities.  *See id*.  These opinions are supported by the treatment notes the ALJ also highlighted, which show Plaintiff had normal appearance, speech, thought process, mood, and cognition during periods of sobriety.  *See* AR 658, 660–61, 663.  Given Dr. Gollogly's and Dr. Scholtz's opinions and the cited treatment notes, the ALJ's finding that Plaintiff would be able to

work, absent her substance use, was a reasonable one.

In her Reply, Plaintiff reiterates she did not engage in substance use and attaches two documents in support of her argument: a questionnaire showing limitations based on her mental health impairments and a letter stating Plaintiff has been attending sessions by phone two to three times a month to discuss her concerns "around maintaining a clean and sober existence and providing a good lifestyle for her daughter." *See* Dkt. 19 at 1–9.  However, neither document meaningfully address the ALJ's materiality determination.  The January 2021 questionnaire, also found in Plaintiff's record (AR 800–07) does not show whether the limitations took into consideration Plaintiff's substance use, which the record indicates she was engaging in at the time.  *See* AR 809 (May 2021 treatment note stating Plaintiff "is unsure that she wants to change her substance use"). And while the February 2021 letter certainly shows Plaintiff's efforts in staying sober, it likewise fails to show the ALJ's findings were not supported by substantial evidence.

## CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

DATED this 6th day of February, 2024.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE